UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHANTAL SAUCIER, ET AL. | CIVIL ACTION NO. 6:20-cv-01197 |
| VERSUS | JUDGE SUMMERHAYS |
| CHUCKWUDI UCHENDU, M.D., ET AL. | MAGISTRATE JUDGE HANNA |

### ORDER

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which was filed by the defendant, Chuckwudi Uchendu, M.D. (Rec. Doc. 10). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

### Background

Based on a report that the plaintiffs' thirteen-year-old daughter K.D. was cutting herself, Vermilion Parish sheriff's deputies allegedly took K.D. from her home to Abbeville General Hospital in the wee hours of September 17, 2019, without her parents' consent and over their objections. At the hospital, Dr. Chuckwudi Uchendu allegedly told the plaintiffs that K.D. had attempted suicide and would be involuntarily committed to a mental institution. He signed a Physician's Emergency Certificate ("PEC") directing that K.D. be involuntarily committed for fifteen days. The plaintiffs alleged that Dr. Uchendu violated state

law by failing to examine K.D. before issuing the PEC. They further alleged that he set forth false information in the PEC.

Later that morning, Vermilion Parish coroner Dr. Myriam Hutchinson allegedly signed a Coroner's Emergency Certificate ("CEC"), directing that K.D. be involuntarily committed. The next day, K.D. was allegedly transferred from Abbeville General Hospital and driven by a Vermilion Parish sheriff's deputy to Cypress Grove Hospital in Bastrop, Louisiana. The plaintiffs alleged that K.D. was sexually assaulted by another patient while she was hospitalized at Cypress Grove.

The plaintiffs sued Dr. Uchendu and others, asserting claims under 42 U.S.C. § 1983 and Louisiana state law. They asserted claims against Dr. Uchendu for false arrest, false imprisonment, fraud, and intentional infliction of emotional distress. He responded with this motion to dismiss, arguing, among other things, that the claims are premature because the plaintiffs failed to exhaust their administrative remedies by convening a medical review panel before filing suit, as required by Louisiana's Medical Malpractice Act ("MMA"). The plaintiffs countered that Dr. Uchendu is not subject to the MMA because he is not a qualified health care provider.

## Law and Analysis

### A. The Standard for Evaluating a Rule 12(b)(6) Motion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim. Rule 12(b)(6) motions are viewed with disfavor

and rarely granted.[1] When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3] Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true.[4] To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[5]

**B.     The Applicability of the MMA Cannot be Determined**

Dr. Uchendu argued in support of his motion that the plaintiffs' claims are medical malpractice claims that must be submitted to a medical review panel before being filed in court. Any medical malpractice claim against Dr. Uchendu is governed by the Louisiana Medical Malpractice Act ("MMA"),[6] which requires that

---

[1] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Collins v. Morgan Stanley*, 224 F.3d at 498; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[5] *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 570).

[6] La. R.S. 40:1231.1, *et seq*.

medical malpractice actions against qualified health care providers must be brought before a medical review panel before being asserted in a court of law.[7] Thus, a medical malpractice claim is premature and must be dismissed for failure to exhaust administrative remedies when filed in court without having gone through the medical review panel process.

The MMA applies only to claims asserted against qualified health care providers. The term "health care provider" is defined in the MMA to include physicians licensed to practice in Louisiana.[8] The plaintiffs did not dispute whether Dr. Uchendu meets that definition. As set forth in the MMA, a health care provider is "qualified" under that statute only if he meets the statutory definition of the term "health care provider" and also has filed proof of financial responsibility with the Patient's Compensation Fund and has paid the required surcharge.[9] The burden is on the defendant to prove prematurity and initial immunity from suit as a qualified health care provider under the MMA.[10]

---

[7] La. R.S. 40:1231.8(A)(1)(a).

[8] La. R.S. 40:1231.1(A)(10).

[9] La. R.S. 40:1231.2(A). See also *Luther v. IOM Co. LLC*, 2013-0353 (La. 10/15/13), 130 So.3d 817, 824.

[10] See, e.g., *Thomas v. Nexion Health at Lafayette, Inc.*, 2014-609 (La. App. 3 Cir. 01/14/15), 155 So.3d 708, 710 (citing *Rivera v. Bolden's Transp. Service, Inc.*, 2011-1669 (La. App. 1 Cir. 06/28/12), 97 So.3d 1096, 1099); *Andrews v. Our Lady of the Lake Ascension Community Hosp., Inc.*, 2013-1237 (La. App. 1 Cir. 02/18/14), 142 So.3d 36, 38 (citing *Rivera v. Bolden's Transp. Service, Inc.*, 97 So.3d at 1099); *Wallace v. King*, No. Civ.A 99-504, Civ.A. 99-1345, 2000 WL 222172, at *2 n. 6 (E.D. La. Feb. 23, 2000) (citing *Goins v. Texas State Optical, Inc.*, 463 So.2d

In this case, there are no allegations in the complaint concerning whether Dr. Uchendu is or is not a qualified health care provider, but his motion to dismiss rests on the fundamental contention that he is a qualified health care provider. He must bear the burden of proof on that point. While a court will ordinarily limit itself to the contents of the complaint when considering a Rule 12(b)(6) motion, a court has complete discretion to consider documents other than the complaint[11] if those documents are attached to the motion, referenced in the complaint, and central to the plaintiff's claims.[12] If a court considers materials outside of the pleadings, however, the motion must be treated as a motion for summary judgment,[13] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[14] If the court does not rely on materials beyond the complaint, it need not convert the motion to dismiss into one for summary judgment since the parties' submission of extraneous materials

---

743, 744 (La. App. 4 Cir. 1985)); *Yokem v. Sisters of Charity of Incarnate Word*, 32,402 (La. App. 2 Cir. 06/16/99), 742 So.2d 906, 909; *In re Medical Review Proceedings*, 94-403 (La. App. 5 Cir. 12/14/94), 648 So.2d 970, 972 (citing *Jones v. Crow*, 633 So.2d 247, 250 (La. App. 1 Cir. 1993)).

[11] *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

[12] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins v. Morgan Stanley*, 224 F.3d at 498-99.

[13] Fed. R. Civ. P. 12(d).

[14] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

does not automatically convert a motion to dismiss into a motion for summary judgment.[15]

In order to resolve the pending motion, this Court must make a threshold finding regarding whether Dr. Uchendu was a qualified health care provider at the time of the events related in the plaintiffs' complaint. To make that finding, this Court will have to rely on evidence submitted by Dr. Uchendu. To be a qualified health care provider and subject to the provisions of the MMA, a person must be qualified before the allegedly tortious events occur.[16] Dr. Uchendu submitted a document showing that he was a qualified health care provider in September 2019,[17] but it constitutes documentary evidence that cannot be considered in connection with the instant Rule 12(b)(6) motion.

The parties' briefing raised the issue of whether Dr. Uchendu was a qualified health care provider at material times, which is a fundamental issue that must be resolved before the other arguments presented in support of and in opposition to Dr. Uchendu's motion may be considered. The resolution of that fundamental issue

---

[15] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

[16] *Luther v. IOM Co. LLC*, 30 So.3d at 824 (citing *Abate v. Healthcare Intern., Inc.*, 560 So.2d 812, 813 (La. 1990) ("the [Medical Malpractice] Act does not provide coverage to health care providers who fail to qualify prior to the commission of the tortious conduct.")).

[17] Rec. Doc. 30.

requires the consideration of documentary evidence beyond the four corners of the plaintiffs' complaint and thus beyond the scope of a Rule 12(b)(6) motion. Accordingly,

IT IS ORDERED that Dr. Uchendu's motion to dismiss (Rec. Doc. 10) is converted to a motion for summary judgment on the issue of whether Dr. Uchendu was a qualified health care provider at relevant times while in all other respects it remains a motion to dismiss; and

IT IS FURTHER ORDERED that the parties may supplement the record in support of or in opposition to the pending motion, as converted, by submitting any relevant and appropriate summary-judgment-style evidence together with a memorandum having a maximum of five pages not later than January 25, 2021. The motion will then be ruled upon in due course, without oral argument.

Signed at Lafayette, Louisiana, this 7th day of January 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE