UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHANTAL SAUCIER, ET AL. | CIVIL ACTION NO. 6:20-cv-01197 |
| VERSUS | JUDGE SUMMERHAYS |
| CHUCKWUDI UCHENDU, M.D., ET AL. | MAGISTRATE JUDGE HANNA |

### ORDER

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendant, Myriam Hutchinson, M.D., individually and in her official capacity as Vermilion Parish Coroner. (Rec. Doc. 22). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

### Background

Based on a report that the plaintiffs' thirteen-year-old daughter K.D. was cutting herself, Vermilion Parish sheriff's deputies allegedly took K.D. from her home to Abbeville General Hospital in the wee hours of September 17, 2019, without her parents' consent and over their objections. At the hospital, Dr. Chuckwudi Uchendu allegedly told the plaintiffs that K.D. had attempted suicide and would be involuntarily committed to a mental institution. He signed a Physician's Emergency Certificate ("PEC") directing that K.D. be involuntarily

committed for fifteen days. The plaintiffs alleged that Dr. Uchendu violated state law by failing to examine K.D. before issuing the PEC. They further alleged that he set forth false information in the PEC.

Later that morning, Vermilion Parish coroner Dr. Myriam Hutchinson allegedly signed a Coroner's Emergency Certificate ("CEC"), directing that K.D. be involuntarily committed. The plaintiffs alleged that Dr. Hutchinson violated Louisiana law by failing to examine K.D. before signing the CEC, falsely stated in the CEC that K.D. had attempted suicide and was then currently suicidal, and falsely stated in the CEC that K.D. was seriously mentally ill, dangerous to herself, and gravely disabled.

The next day, K.D. was allegedly transferred from Abbeville General Hospital and driven by a Vermilion Parish sheriff's deputy to Cypress Grove Hospital in Bastrop, Louisiana. The plaintiffs alleged that K.D. was sexually assaulted by another patient while she was hospitalized at Cypress Grove.

The plaintiffs sued Dr. Hutchinson and others, asserting claims under 42 U.S.C. § 1983 and Louisiana state law. They asserted claims against Dr. Hutchinson, in her individual and official capacities, for false arrest, false imprisonment, unreasonable search and seizure, fraud, and intentional infliction of emotional distress. They seek to recover punitive damages from Dr. Hutchinson,

alleging that, in her individual capacity, she acted maliciously or with reckless indifference to the plaintiffs' rights.

Dr. Hutchinson responded to the complaint with the instant motion to dismiss, arguing that the claims against her were premature because the plaintiffs failed to exhaust their administrative remedies by convening a medical review panel before filing suit, as required by Louisiana's Medical Malpractice Act ("MMA"). The plaintiffs argued, among other things, that Dr. Hutchinson is not a qualified health care provider and consequently is not subject to the MMA.

## Law and Analysis

### A. The Standard for Evaluating a Rule 12(b)(6) Motion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim. Rule 12(b)(6) motions are viewed with disfavor and rarely granted.[1] When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the

---

[1] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

plaintiff.³ Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true.⁴ To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.⁵

**B. The Applicability of the MMA Cannot be Determined**

Dr. Hutchinson argued in support of her motion that the plaintiffs' claims against her are medical malpractice claims that must be submitted to a medical review panel before being filed in court. Under Louisiana law, medical malpractice claims are governed by either the Louisiana Medical Malpractice Act⁶ or the Medical Liability for State Services Act.⁷ As the Vermilion Parish coroner, Dr. Hutchinson is not a state health care provider.⁸ Therefore, any medical malpractice claim against

---

³ *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5ᵗʰ Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5ᵗʰ Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5ᵗʰ Cir. 1996).

⁴ *Collins v. Morgan Stanley*, 224 F.3d at 498; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

⁵ *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 567 (5ᵗʰ Cir. 2020) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 570).

⁶ La. R.S. 40:1231.1, *et seq*.

⁷ La. R.S. 40:1237.1, *et seq*.

⁸ La. R.S. 40:1237.1(A)(9)(b). See, also, *Vanderhoff v. Beary*, 853 So.2d 752, 755, 2003-0912 (La. App. 4 Cir. 08/20/03), 853 So.2d 752, 755, writ denied, 2003-2895 (La. 01/09/04), 862 So.2d 987 ("a parish is a political subdivision of the state and political subdivisions are excluded from the scope of the MLSSA.").

4

Dr. Hutchinson is governed by the Louisiana Medical Malpractice Act ("MMA"), which requires that medical malpractice actions against qualified health care providers must be brought before a medical review panel before being asserted in a court of law.[9] Thus, a medical malpractice claim is premature and must be dismissed for failure to exhaust administrative remedies when filed without having gone through the medical review panel process.

The MMA applies only to claims asserted against qualified health care providers. The term "health care provider" is defined in the MMA to include physicians licensed to practice in Louisiana.[10] The plaintiffs did not dispute whether Dr. Hutchinson meets that definition. As set forth in the MMA, a health care provider is "qualified" under that statute only if she meets the statutory definition of the term "health care provider" and also has filed proof of financial responsibility with the Patient's Compensation Fund and has paid the required surcharge.[11] The burden is on the defendant to prove prematurity and initial immunity from suit as a qualified health care provider under the MMA.[12]

---

[9] La. R.S. 40:1231.8(A)(1)(a).

[10] La. R.S. 40:1231.1(A)(10).

[11] La. R.S. 40:1231.2(A). See also *Luther v. IOM Co. LLC*, 2013-0353 (La. 10/15/13), 130 So.3d 817, 824.

[12] See, e.g., *Thomas v. Nexion Health at Lafayette, Inc.*, 2014-609 (La. App. 3 Cir. 01/14/15), 155 So.3d 708, 710 (citing *Rivera v. Bolden's Transp. Service, Inc.*, 2011-1669 (La. App. 1 Cir. 06/28/12), 97 So.3d 1096, 1099); *Andrews v. Our Lady of the Lake Ascension Community Hosp., Inc.*, 2013-1237 (La. App. 1 Cir. 02/18/14), 142 So.3d 36, 38 (citing *Rivera v. Bolden's Transp.*

In this case, there are no allegations in the complaint concerning whether Dr. Hutchinson is or is not a qualified health care provider, but her motion to dismiss rests on the fundamental contention that she is a qualified health care provider. She must bear the burden of proof on that point. While a court will ordinarily limit itself to the contents of the complaint when considering a Rule 12(b)(6) motion, a court has complete discretion to consider documents other than the complaint[13] if those documents are attached to the motion, referenced in the complaint, and central to the plaintiff's claims.[14] If a court considers materials outside of the pleadings, however, the motion must be treated as a motion for summary judgment,[15] and the nonmovant must be afforded the procedural safeguards of Fed. R. Civ. P. 56.[16] If the court does not rely on materials beyond the complaint, however, it need not convert the motion to dismiss into one for summary judgment since the parties' submission of

---

*Service, Inc.*, 97 So.3d at 1099); *Wallace v. King*, No. Civ.A 99-504, Civ.A. 99-1345, 2000 WL 222172, at *2 n. 6 (E.D. La. Feb. 23, 2000) (citing *Goins v. Texas State Optical, Inc.*, 463 So.2d 743, 744 (La. App. 4 Cir. 1985)); *Yokem v. Sisters of Charity of Incarnate Word*, 32,402 (La. App. 2 Cir. 06/16/99), 742 So.2d 906, 909; *In re Medical Review Proceedings*, 94-403 (La. App. 5 Cir. 12/14/94), 648 So.2d 970, 972 (citing *Jones v. Crow*, 633 So.2d 247, 250 (La. App. 1 Cir. 1993)).

[13] *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980).

[14] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins v. Morgan Stanley*, 224 F.3d at 498-99.

[15] Fed. R. Civ. P. 12(d).

[16] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

extraneous materials does not automatically convert a motion to dismiss into a motion for summary judgment.[17]

In order to resolve the pending motion, this Court must make a threshold finding regarding whether Dr. Hutchinson was a qualified health care provider at the time of the events related in the plaintiffs' complaint. To make that finding, this Court will have to rely on evidence submitted by Dr. Hutchinson. While Dr. Hutchinson submitted a certificate showing that she was enrolled in the Patient's Compensation Fund for the time period from July 1, 2020 to July 1, 2021,[18] the events complained of allegedly occurred in September 2019. To be a qualified health care provider and subject to the provisions of the MMA, a person must be qualified before the allegedly tortious events occur.[19] Therefore, if this Court were to rely on the evidence already submitted by Dr. Hutchinson, this Court would have to conclude that Dr. Hutchinson failed to prove that she was a qualified health care provider at the relevant time and consequently failed to establish that this lawsuit is premature for failure to invoke a medical review panel.

---

[17] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

[18] Rec. Doc. 40.

[19] *Luther v. IOM Co. LLC*, 30 So.3d at 824 (citing *Abate v. Healthcare Intern., Inc.*, 560 So.2d 812, 813 (La. 1990) ("the [Medical Malpractice] Act does not provide coverage to health care providers who fail to qualify prior to the commission of the tortious conduct.")).

The parties' briefing raised the issue of whether Dr. Hutchinson was a qualified health care provider at material times, which is a fundamental issue that must be resolved before the other arguments presented in support of and in opposition to Dr. Hutchinson's motion may be considered. The resolution of that fundamental issue requires the consideration of documentary evidence beyond the four corners of the plaintiffs' complaint and thus beyond the scope of a Rule 12(b)(6) motion. Accordingly,

IT IS ORDERED that Dr. Hutchinson's motion to dismiss (Rec. Doc. 22) is converted to a motion for summary judgment on the issue of whether Dr. Hutchinson was a qualified health care provider at relevant times while in all other respects it remains a motion to dismiss; and

IT IS FURTHER ORDERED that the parties may supplement the record in support of or in opposition to the pending motion, as converted, by submitting any relevant and appropriate summary-judgment-style evidence together with a memorandum having a maximum of five pages not later than January 25, 2021. The motion will then be ruled upon in due course, without oral argument.

Signed at Lafayette, Louisiana, this 7th day of January 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE