UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHANTAL SAUCIER, ET AL. | CIVIL ACTION NO. 6:20-cv-01197 |
| VERSUS | JUDGE SUMMERHAYS |
| CHUCKWUDI UCHENDU, M.D., ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which was filed by defendant Cypress Grove Behavioral Health, L.L.C. (Rec. Doc. 18). This Court converted the motion to dismiss to a motion for summary judgment solely on the issue of whether Cypress Grove was a qualified health care provider at relevant times, but maintained it as a motion to dismiss with regard to all other issues addressed in the motion. (Rec. Doc. 44 at 7). The parties were afforded an opportunity to supplement their briefing, and they did so. (Rec. Docs. 48, 49, 58). Both the motion to dismiss and the motion for summary judgment are opposed. The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the Rule 12(b)(1) motion to dismiss should be denied, the motion for summary judgment

and the Rule 12(b)(6) motion to dismiss should be granted, and the plaintiffs' claim against Cypress Grove should be dismissed as premature.

## Background

Based on a report that the plaintiffs' thirteen-year-old daughter K.D. was cutting herself, Vermilion Parish sheriff's deputies allegedly took K.D. from her home to Abbeville General Hospital in the wee hours of September 17, 2019, without her parents' consent and over their objections. At the hospital, Dr. Chuckwudi Uchendu allegedly told the plaintiffs that K.D. had attempted suicide and would be involuntarily committed to a mental institution. He signed a Physician's Emergency Certificate ("PEC") directing that K.D. be involuntarily committed for fifteen days. Later that morning, Vermilion Parish coroner Dr. Myriam Hutchinson allegedly signed a Coroner's Emergency Certificate ("CEC"), directing that K.D. be involuntarily committed. The next day, K.D. was allegedly transferred from Abbeville General Hospital and driven by a Vermilion Parish sheriff's deputy to Cypress Grove Hospital in Bastrop, Louisiana. The plaintiffs alleged that K.D. was sexually assaulted by another patient while she was hospitalized at Cypress Grove.

The plaintiffs sued Cypress Grove and others, asserting claims under 42 U.S.C. § 1983 and Louisiana state law. The plaintiffs alleged that personnel at Cypress Grove did not advise them of their rights or obtain their consent for K.D.'s

treatment. They alleged that the sexual assault was caused by Cypress Grove's "intentional, reckless, negligent, or grossly negligent failure to provide K.D. the right to personal privacy, the right to receive care in a safe setting, and the right to be free from all forms of abuse or harassment, as required by state and federal law."[1] They also alleged that Cypress Grove failed to record the sexual assault in K.D.'s chart. The plaintiffs asserted claims against Cypress Grove for failure to provide a safe treatment free from abuse and intentional infliction of emotional distress.

## The Contentions of the Parties

Cypress Grove responded to the complaint with the instant motion to dismiss, arguing, among other things, that the court lacks subject-matter jurisdiction and that the claim asserted against it was premature because the plaintiffs failed to exhaust their administrative remedies by convening a medical review panel before filing suit, as required by Louisiana's Medical Malpractice Act ("MMA"). The plaintiffs countered that the court has supplemental jurisdiction and that Cypress Grove is not subject to the MMA because it is not a qualified health care provider.

---

[1] Rec. Doc. 1 at 10.

## Law and Analysis

### I.     The Rule 12(b)(1) Motion to Dismiss

#### A.     The Applicable Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the exercise of the court's subject-matter jurisdiction. A federal court must consider a Rule 12(b)(1) motion to dismiss before taking up any other motion because a court must have subject-matter jurisdiction before determining the validity of a claim.[2] The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists.[3] When a Rule 12(b)(1) motion to dismiss is based on the complaint alone, it is a facial attack, and the court must decide whether the allegations in the complaint sufficiently state a basis for subject-matter jurisdiction.[4] If the defendant submits affidavits, testimony, or other evidentiary materials, case, however, the jurisdictional attack is factual, rather than facial.[5]

---

[2]     *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

[3]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[4]     *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[5]     *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d at 523).

### B. The Court has Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[6] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[7] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[8] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[9] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[10] The plaintiffs have that burden in this case.

Here, the plaintiffs alleged that the court has subject-matter jurisdiction because the case presents a federal question. The plaintiffs sued seven defendants: the physician and coroner who signed certificates authorizing K.D.'s hospitalization for mental health treatment, the hospital where she was treated, the three sheriff's

---

[6] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[7] 28 U.S.C. § 1331.

[8] 28 U.S.C. § 1332.

[9] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[10] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

deputies who allegedly took her into custody, and the Vermilion Parish sheriff who allegedly supervised them. The plaintiffs asserted a Section 1983 claim, alleging that the defendants violated K.D.'s constitutional rights. The plaintiffs also asserted state-law claims, including claims for false arrest, false imprisonment, fraud, and the intentional infliction of emotional distress.

Section 1983 provides for claims against any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another person's constitutional rights.[11] Section 1983 is not a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.[12] To state a Section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[13] A local governmental entity – or sheriff – can be sued under Section 1983 when it is alleged that the entity (usually a municipality) implemented or executed a policy or custom that resulted in the deprivation of a constitutional right.[14]

---

[11]  42 U.S.C. § 1983.

[12]  *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004).

[13]  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

[14]  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

Cypress Grove asserted a facial attack on the court's subject-matter jurisdiction, relying solely on the allegations set forth in the plaintiffs' complaint. Therefore, this Court must examine whether the allegations in the pleadings alone, which are assumed to be true, are sufficient to invoke the court's subject-matter jurisdiction.[15]

Cypress Grove argued that the court lacks federal-question jurisdiction because the plaintiffs asserted a Section 1983 claim against it, but it was not a state actor. That argument might have merit if Cypress Grove were the only defendant in the lawsuit, but the plaintiffs also sued Vermilion Parish sheriff Mike Couvillon and three deputy sheriffs, alleging that they were state actors who are liable under Section 1983. Cypress Grove did not argue that the court lacks federal-question jurisdiction over the sheriff or the deputies.

Under 28 U.S.C. § 1367, when a federal district court has original jurisdiction over at least one claim, it also has supplemental jurisdiction over any other claims forming part of the same case or controversy, including claims involving other parties.[16] A claim forms part of the same case or controversy when the claims

---

[15] *Paterson v. Weinberger*, 644 F.2d at 523.

[16] See also *State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th 2004).

7

"derive from a common nucleus of operative fact."[17] Whether it is appropriate to exercise supplemental jurisdiction requires a fact specific case-by-case inquiry,[18] in which the relatedness of the various claims in time, space, origin, or motivation should be considered.[19]

The federal-law claims asserted against the sheriff and the deputies in this lawsuit are sufficiently related to the claims asserted against the doctors and the hospital to support supplemental jurisdiction, even if the claims against the doctors and the hospital are ultimately determined to be purely state-law claims. Although there are some factual differences between the claims, all of them relate to and arise from a common nucleus of operative fact that "on the face of the pleadings concern[s] the same core factual issue."[20] That common core factual issue is K.D.'s having been taken into custody for mental health examination and treatment. Thus, even if the claim against Cypress Grove sounds solely in medical malpractice, it falls within the same common nucleus of operative fact as the federal constitutional

---

[17] *S J Assoc. Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 373 (5th Cir. 2020) (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

[18] *Whatley v. Young Women's Christian Ass'n of Northwest Louisiana, Inc.*, No. 06-423, 2006 WL 1453043, at *3 (W.D. La. May 18, 2006).

[19] *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. A-07-CA-982-SS, 2008 WL 11334958, at *3 (W.D. Tex. Oct. 31, 2008) (quotation marks and citations omitted).

[20] *Mendoza v. Murphy*, 532 F.3d at 346.

8

claims asserted against other defendants. This Court therefore finds that the court has supplemental subject-matter jurisdiction over any state-law claim the plaintiffs might have asserted against Cypress Grove.

## II. The Motion for Summary Judgment

### A. The Applicable Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[21] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[22]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[23] If the moving party carries its initial burden, the burden shifts to the nonmoving party to

---

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[22] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[23] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

demonstrate the existence of a genuine issue of a material fact.[24]  All facts and inferences are construed in the light most favorable to the nonmoving party.[25]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[26]  The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[27]

**B.    Cypress Grove was a Qualified Health Care Provider at Material Times**

Cypress Grove argued that this lawsuit is premature because it was a qualified health care provider subject to the Louisiana Medical Malpractice Act ("MMA"), La. R.S. 40:1231.1, *et seq*., when K.D. was hospitalized there.  The term "health care provider" is defined in the MMA to include hospitals providing for the examination, diagnosis, treatment, or care of human illnesses.[28]  A health care provider is "qualified" under the MMA only if it meets the statutory definition of the term

---

[24]    *Washburn v. Harvey*, 504 F.3d at 508.

[25]    *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[26]    *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[27]    *Condrey v. Suntrust Bank of Ga*., 431 F.3d 191, 197 (5th Cir. 2005).

[28]    La. R.S. 40:1231.1(A)(10), (11).

10

"health care provider," has filed proof of financial responsibility with the Patient's Compensation Fund, and has paid a required surcharge.[29] The plaintiffs did not suggest that Cypress Grove does not meet the statutory definition of the term "health care provider," but they argued that it was not a qualified health care provider at the time the suit was filed.

In response to the conversion of the motion to dismiss to a motion for summary judgment on this issue, Cypress Grove filed into the suit record, the affidavit of Susan Gremillion, the Medical Malpractice Compliance Director for the Louisiana Patient's Compensation, along with certificates attached thereto, which established that Cypress Grove was a qualified health care provider at the time of K.D.'s hospitalization and also at the time the suit was filed. (Rec. Doc. 58-1). This Court therefore finds that Cypress Grove was a qualified health care provider at material times and recommends that summary judgment should be granted in its favor on that issue.

### III. The Rule 12(b)(6) Motion to Dismiss

#### A. The Standard for Evaluating a Rule 12(b)(6) Motion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim. Rule 12(b)(6) motions are viewed with disfavor

---

[29] La. R.S. 40:1231.2(A). See also *Luther v. IOM Co. LLC*, 2013-0353 (La. 10/15/13), 130 So.3d 817, 824.

11

and rarely granted.[30] When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto,[31] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[32] Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true.[33] To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[34]

### B. The Claim Against Cypress Grove Sounds in Medical Malpractice

Cypress Grove argued in support of its motion that the plaintiffs' claims are medical malpractice claims that must be submitted to a medical review panel before being filed in court. Any medical malpractice claim against Cypress Grove is governed by the Louisiana Medical Malpractice Act ("MMA"),[35] which requires

---

[30] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[31] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[32] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[33] *Collins v. Morgan Stanley*, 224 F.3d at 498; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[34] *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 570).

[35] La. R.S. 40:1231.1, *et seq*.

that medical malpractice actions against qualified health care providers must be brought before a medical review panel before being asserted in a court of law.[36] Thus, a medical malpractice claim is premature and must be dismissed for failure to exhaust administrative remedies when filed in court without having gone through the medical review panel process. The plaintiffs attempted to evade the necessity for a medical review panel by characterizing their claims against Cypress Grove as intentional and by claiming that the claims arise under Section 1983. But the complaint is lacking in factual allegations supporting the conclusory contention that the alleged sexual assault was the result of intentional failures by Cypress Grove; furthermore, Louisiana courts have determined that the precise type of claim asserted against Cypress Grove in this lawsuit is a medical malpractice claim.

In *W.P. v. Universal Health Services Foundation*,[37] a minor was sexually assaulted by another patient while hospitalized at River Oaks, a psychiatric medical facility. The court found that the plaintiffs' allegations involved health care treatment-related decisions that were governed by the MMA, including decisions regarding room assignments, the nature of the patients' diagnoses, and the appropriate level of observation and supervision provided to a minor psychiatric

---

[36] La. R.S. 40:1231.8(A)(1)(a).

[37] *W.P. v. Universal Health Services Foundation*, 11-801 (La. App. 5 Cir. 03/27/12), 91 So.3d 1097, *writ denied*, 12-960 (La. 06/15/12), 90 So.3d 1067.

patient. The court found that those were issues falling within the appropriate standard of care for the assessment of psychiatric patients and therefore within the parameters of the MMA.[38]

The primary difference between the cited case and this one is that the sexual assault in the cited case occurred between persons who shared the same hospital room, while there is no allegation in this case that K.D. shared a room with her alleged abuser. In other respects, however, the allegations asserted in the two cases are very similar. The specific allegations against Cypress Grove are that it failed to provide K.D. with privacy and safety, implicating the security provided by the facility and the level of supervision and monitoring provided to its patients. The plaintiffs also criticized Cypress Grove's record keeping. The Louisiana Supreme Court has provided guidance by recognizing six factors relevant to determining whether particular conduct constitutes medical malpractice. The factors are:

[1] whether the particular wrong is treatment related or caused by a dereliction of professional skill;

[2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached;

[3] whether the pertinent act or omission involved assessment of the patient's condition;

---

[38] In a case in which a hospital patient was sexually assaulted by a hospital employee, the court similarly found that the plaintiff's allegations sounded in medical malpractice. *Shaikh v. Southwest Louisiana Hospital Association*, 2019-414 (La. App. 3 Cir. 05/27/20), 298 So.3d 273, 281, writ not considered, 303 So.3d 308 (La. 10/20/20).

> [4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform;
>
> [5] whether the injury would have occurred if the patient had not sought treatment; and
>
> [6] whether the tort alleged was intentional.[39]

When the facts of this case are compared against these factors, this Court concludes that Cypress Grove's alleged actions fall within the parameters of medical malpractice. The first factor to be considered is whether the particular wrong alleged by the plaintiffs is treatment related or caused by a dereliction of professional skill. As the court noted in *W.P. v. Universal Health Services Foundation*,

> The level of observation of a minor psychiatric patient required by a hospital staff is necessarily treatment-related and will require expert testimony regarding the exercise of professional judgment in this regard. The ordinary layman does not know the type of monitoring required in an adolescent psychiatric hospital. . . .[40]

Since the safety, security, monitoring, and supervision of psychiatric patients requires the exercise of professional skill in light of a patient's particular diagnosis, this factor supports the characterization of the plaintiffs' claim against Cypress Grove as medical malpractice.

---

[39] *Coleman v. Deno*, 2001-1517 (La. 01/25/02), 813 So.2d 303, 315-16.

[40] *W.P. v. Universal Health Services Foundation*, 91 So.3d at 1101-02.

The second factor was also addressed in the cited case. The court explained that because ordinary laypersons are unfamiliar with the type of monitoring required in psychiatric hospitals, "expert medical evidence will likely be required."[41] Similarly, it will be necessary to determine whether Cypress Grove adhered to the applicable standard of care in monitoring and supervising K.D. while she was a patient there. Therefore, this factor weighs in favor of characterizing the plaintiffs' claim against Cypress Grove as medical malpractice.

The third factor is whether the pertinent act or omission involved assessment of the patient's condition. Here, the amount of monitoring and supervision required by K.D., based on an assessment of her condition, will have to be compared against the level of monitoring and supervision actually provided by Cypress Grove, including her interaction with other patients at the hospital. Therefore, this factor supports a conclusion that Cypress Grove's actions and omissions constituted medical malpractice.

Fourth, although there is no allegation that K.D. or her parents sought treatment from Cypress Gove, protecting K.D. from other patients and providing her with a safe treatment environment was certainly within the scope of activities which

---

[41] *W.P. v. Universal Health Services Foundation*, 91 So.3d at 1102.

a hospital is licensed to perform. This factor consequently weighs in favor of classifying the plaintiffs' claim against Cypress Grove as medical malpractice.

The fifth factor supports a conclusion that the plaintiffs' claim against Cypress Grove sounds in medical malpractice because the plaintiffs argued that K.D. would not have been injured if she had not been hospitalized at Cypress Grove.

Finally, the plaintiffs alleged that Cypress Grove acted intentionally, implicitly arguing that the claims they asserted do not fall within the scope of medical malpractice. While this would seem to weigh against finding that the plaintiffs' claims against Cypress Grove are medical malpractice claims, the plaintiffs' subjective characterization of Cypress Grove's actions is not binding. The plaintiffs offered no factual support for their conclusory contention that Cypress Grove intended for K.D. to be sexually assaulted. Furthermore, a "review of Louisiana jurisprudence. . . reveals courts routinely determine that delictual conduct plead as a traditional intentional tort can still sound in medical malpractice."[42]

In summary, this Court's analysis of the pertinent factors overwhelmingly weighs in favor of finding that the plaintiffs' allegations against Cypress Grove, if proven, would constitute medical malpractice.

---

[42] *Wilson v. Ochsner Clinic Foundation*, No. 19-12314, 2019 WL 5693109, at *4.

As the defendant in this lawsuit, Cypress Grove has the burden of proving that the suit is premature.[43] This requires it to show that it is a qualified health care provider[44] under the MMA, and that the allegations against it sound in medical malpractice.[45] Cypress Grove established that it was a qualified health care provider at the time of the events described in the plaintiffs' complaint, and the allegations set forth in the plaintiffs' complaint, when compared against the relevant factors identified by the Louisiana Supreme Court as constituting medical malpractice, plausibly falls within the scope of medical malpractice. Accordingly, this Court finds that the plaintiffs' claim against Cypress Grove is premature because they failed to initiate a medical review panel proceeding before filing this lawsuit.

## **Conclusion**

For the foregoing reasons, this Court finds that (1) the court has supplemental subject-matter jurisdiction over the claims asserted against Cypress Grove; (2) Cypress Grove was a qualified health care provider at relevant times; (3) the

---

[43] *Williamson v. Hospital Service Dist. No. 1 of Jefferson*, 2004-0451 (La. 12/01/04) 888 So.2d 782, 785.

[44] See, e.g., *Armand v. Lady of the Sea General Hosp.*, 80 So.3d 1222, 1226, 2011-1083 (La. App. 1 Cir. 12/21/11), 80 So.3d 1222, 1226; *Remet v. Martin*, 97-0895 (La. App. 4 Cir. 12/10/97), 705 So.2d 1132, 1134.

[45] *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 2007-0008 (La. 09/05/07), 966 So.2d 519, 523; *Williamson v. Hospital Service Dist. No. 1 of Jefferson*, 888 So.2d at 785.

plaintiffs' claim against Cypress Grove is a medical malpractice claim; and (4) the plaintiffs' claim against Cypress Grove is premature because it was not submitted to a medical review panel before this lawsuit was filed. Accordingly,

IT IS RECOMMENDED that Cypress Grove's motion to dismiss for lack of jurisdiction (Rec. Doc. 18) should be denied;

IT IS FURTHER RECOMMENDED that summary judgment should be entered in favor of Cypress Grove on the issue of its status as a qualified health care provider at material times; and

IT IS FURTHER RECOMMENDED that Cypress Grove's motion to dismiss for failure to state a claim (Rec. Doc. 18) should be granted, and the claim asserted against Cypress Grove should be dismissed without prejudice as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[46]

    Signed at Lafayette, Louisiana, this 16th day of March 2021.

                                              _____
                                              PATRICK J. HANNA
                                              UNITED STATES MAGISTRATE JUDGE

---

[46] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).